UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 05-50070 |
| Plaintiff, | Paul V. Gadola |
| vs. | United States District Judge |
| KERY LINN MAHAN, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____ / | |

## ORDER DETERMINING DEFENDANT COMPETENT TO STAND TRIAL

On January 16, 2008, defense counsel David I. Megdell, filed a motion with the court under 18 U.S.C. § 4241(a) requesting that a determination be made as to defendant's competency to stand trial. (Dkt. # 58). On January 17, 2008, that motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for hearing and determination. (Dkt. # 59). A response to the motion was filed by the government on January 22, 2008, expressing no opposition to the motion. (Dkt. # 61). A hearing on the motion was held on February 4, 2008, at which time it appeared that there was reasonable cause to believe that defendant was suffering from a mental disease or defect that had rendered him incompetent to understand

1

the nature and consequences of the proceedings or unable to properly assist in his defense.

Pursuant to 18 U.S.C. § 4241(b), it was ordered that a psychiatric or psychological examination of defendant be conducted under the provisions of 18 U.S.C. § 4247(b) and (c) and that the results of such an examination be furnished to the court and to the parties prior to the next scheduled hearing in this matter. Such an examination was conducted by Dr. Harold S. Sommerschield and the report was provided to the parties. The report included information about defendant's background and the results of certain tests that were conducted as part of the testing process. The report concluded that, while defendant appeared to understand the nature of the proceedings, he was not competent to stand trial "because he will not value the expertise or follow the advice of an attorney."

During that hearing, defendant objected to the conclusion that he was not competent and requested that the court appoint another attorney for him because he and Mr. Megdell were not enjoying a good attorney-client relationship. The request for appointment of a new attorney was granted and the hearing on the issue of defendant's competency was adjourned until new counsel was able to meet with defendant and prepare for the hearing. No judicial determination was made at that time regarding defendant's competency.

The adjourned hearing was ultimately held on April 11, 2008. The government accepted the burden to prove defendant's competence. At the hearing, defendant, through counsel, objected to the admission of Dr. Sommerschield's report into evidence, claiming that it violated his Fifth and Sixth Amendment rights to the extent that he did not waive his right to confidentiality and because he was not represented by counsel during the interview with Dr. Sommerschield. It was determined that defendant did not have a Fifth Amendment right that was violated because his statements to the interviewing doctor cannot be used against him in the government's case-in-chief, 18 U.S.C. § 4241(f). Further, because he had no right to counsel during the interview for competency purposes, it was determined that his Sixth Amendment rights were not violated. Defendant's objection to the report was, therefore, overruled.

A person is incompetent to stand trial in a federal criminal proceeding if that person is "presently ... suffering from a mental disease or defect [that renders] him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The United States Supreme Court phrased this test in slightly different terms when it held that a person is competent if he has the "sufficient present ability to consult with his lawyer with a reasonable degree of rational

understanding - and ... a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960).

The evidence at the hearing consisted of the report of Dr. Sommerschield, the proffers of counsel, and the personal statement of defendant.[1] Government counsel argued that Dr. Sommerschield's report did not connect defendant's unwillingness to follow the advice of counsel to "a mental disease or defect" and therefore, the conclusion in the report did not satisfy the requirements of 18 U.S.C. § 4241(a), which provides that the source of a person's incompetency must be a "mental disease or defect," rather that some other form of disorder. The government also noted that defendant did not claim to be incompetent although it is clear that a defendant's view of his own competency may not be the most persuasive evidence on this issue.

Defense counsel represented to the court that he had met with defendant a number of times and in his opinion, defendant had a very clear understanding of the criminal justice process and was able to communicate effectively about the issues associated with the criminal charges. However, defense counsel also stated

---

[1] Defendant was invited to make a statement related to his competency but he was also cautioned that he was under no obligation to do so. He decided, with the advice of counsel, to make a statement that was not under oath. His statement was received under the provisions of 18 U.S.C. § 4241(f), which limits the use of such statements to the competency determination process.

that defendant persisted in taking a position as to a defense to the criminal charges that was not recommended by defense counsel and, according to counsel, was an ill-advised strategy. Defense counsel also stated that defendant turned down a plea offer from the government that defense counsel believed was a very reasonable offer.

Defendant, speaking on his own behalf, stated that, while he had experienced difficulty in school as a youth, he had learned a great deal as an adult and had even successfully operated his own business for a time. He maintained his view that he was competent and assured the Court that he would listen to the advice of his attorney and consider that advice in his decision-making. Throughout the time he addressed the Court, defendant appeared to understand the issues that were under discussion and his comments were rational and appropriate to the circumstances. Defendant acknowledged that he was turning down a plea agreement that had potential benefit to him,[2] but felt strongly that he wanted to present his defense to

---

[2] It was stated on the record that, if defendant went to trial on the charges in the indictment, he could be facing a 10 year mandatory minimum sentence; whereas, if he accepted the plea agreement offer, he would only be facing a five year mandatory minimum sentence.

the charges which, if the defense were accepted by the jury, could result in an acquittal.[3]

Based on the evidence and other information presented at the hearing, it was clearly established by a preponderance of evidence that defendant is able "to understand the nature and consequences of the proceedings against him." Defendant had prior involvement with the criminal justice system that provided him an understanding of the present circumstances and there was no indication that he otherwise lacked an understanding of his current situation.

The somewhat more difficult question is whether defendant is able "to assist properly in his defense." Dr. Sommerschield's view was that, due to defendant's steadfast unwillingness to follow the advice of his attorney, he should not be viewed as being able to properly assist in his defense. At the competency hearing, defendant said he was competent, presented himself as a rational person who clearly understood the circumstances he was in, and appeared to be aware of the consequences of the decisions he would have to make. A defendant should not be found incompetent on the basis of a principled, albeit ill-advised, decision

---

[3] While it is not clear that the rules of evidence are applicable to competency hearings, neither party objected to the presentation of evidence in this manner at the hearing with the exception of the objection to the report of Dr. Sommerschield as indicated earlier.

regarding the defense he wants to raise at trial. *See United States v. Riggin*, 732 F.Supp. 958 (S.D. Ind. 1990). Although his chosen defense may be contrary to the advice of his attorney, it is not an irrational defense like that advocated by the defendant in *United States v. Blohm*, 579 F.Supp. 495 (S.D.N.Y. 1983).[4] Further, his present counsel indicated that he could communicate with defendant and defendant clearly stated that he would consider whatever advice his attorney gave him. In light of these circumstances, the preponderance of the evidence at the hearing establishes that defendant has the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."

**IT IS ORDERED** that defendant is competent to stand trial under the standards contained in 18 U.S.C. § 4241(a). A determination of competency at this stage of the proceedings is not a determination that defendant will continue to be competent in the future. If present defense counsel believes that defendant's situation has changed, he may reopen this issue at any time prior to sentencing. *Id*.

---

[4] The defendant in *Blohm* had sought to defend a charge of sending threatening communications to a judge by claiming that the judge, former President Richard Nixon, and professional golfer Arnold Palmer had conspired to throw out a civil suit in which the defendant had been involved.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

|  |  |
|---|---|
|  | s/Michael Hluchaniuk |
| Date: April 17, 2008 | United States Magistrate Judge |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Barbara Tanase, AUSA, David I. Megdell, and Richard D. Korn, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Pretrial Services Officer, 600 Church St., Flint, MI 48502.

s/James P. Peltier  
Courtroom Deputy Clerk  
(810) 341-7850  
pete_peltier@mied.uscourts.gov